# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Petition of -- | ) |
| | ) |
| AWA Wilson JV | ) ASBCA No. 61725-987 |
| | ) |
| Under Contract No. W912QR-14-C-0010 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Mark Cochran
                                            Principal

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
                                            Engineer Chief Trial Attorney
                                            Carlton A. Arnold, Esq.
                                            Engineer Trial Attorney
                                            U.S. Army Engineer District, Louisville

## ORDER PURSUANT TO BOARD RULE 1(a)(5) DIRECTING CONTRACTING OFFICER TO ISSUE DECISION

AWA Wilson JV (AWA or contractor) filed a request, under Rule 1(a)(5), for an order directing the contracting officer (CO) to render a decision on an April 20, 2018 certified claim. AWA requested that the CO issue a decision within 30 days of a Board order issuing an order. The United States Army Corps of Engineers (government) has advised that a final decision on the claim will be issued by December 18, 2018. We find the government's proposed date unreasonable and direct the CO to issue a decision by October 24, 2018.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE PETITION

1. AWA entered into Contract No. W912QR-14-C-0010, a firm fixed price contract, with the government for work to be done at the Kingsolver/Pierce School in Fort Knox, KY. Range and Civil Construction, LLC (RACC) was hired as the earthwork subcontractor. (Bd. corr. ltr. dtd. August 15, 2018, ex. 4 at 1).

2. During its performance in 2014, RACC encountered what it described as "unsuitable subsurface soils" in greater quantities than what it expected based on its reading of the contract documents (Bd. corr. ltr. dtd. August 15, 2018, ex. 4 at 1; pet. at 1).

3. By request for equitable adjustment (REA) dated March 30, 2015, AWA requested a price adjustment based on the alleged unsuitable soils. In a response dated May 14, 2015, the government stated that it did not believe the REA had merit, and, if

AWA wanted to pursue the action, it needed to provide an analysis. (Bd. corr. ltr. dtd. August 15, 2018, ex. 4 at 41-42; pet. at 1).

4. AWA resubmitted the REA with additional analysis on July 5, 2016. The REA proposal represented the direct and indirect costs associated with the unsuitable soils and their impact on RACC and AWA. By correspondence dated January 5, 2016 the government denied the supplemental REA. (Bd. corr. ltr. dtd. August 15, 2018, ex. 4 at 12, 82).

5. After receiving a "verbal request" for reconsideration of its prior decision, the government again denied the REA again on June 27, 2017, reiterating its position outlined in the January 5, 2017 denial (Bd. corr. ltr. dtd. August 15, 2018, ex. 4 at 85-86).

6. On October 9, 2017, RACC sent a letter to AWA, requesting that AWA attempt to engage with the government to address the unsuitable soils issues (Bd. corr. ltr. dtd. August 15, 2018, ex. 4 at 89).

7. A formal meeting was held on October 26, 2017, between AWA and the government to discuss the issues in the REA. Two days later, AWA submitted a mutual position memorandum to the government. A month later, on November 20, 2017, the government denied the position memorandum. (Pet. at 1).

8. RACC submitted a request to AWA on January 2, 2018, that it sponsor a Contract Disputes Act (CDA) claim against the government under the contract. Specifically, RACC requested a contracting officer's final decision (COFD) for the unsuitable soils. (Bd. corr. ltr. dtd. August 15, 2018, ex. 4 at 1).

9. On April 20, 2018, AWA submitted its certified CDA claim in the amount of $911,522 to the government. The claim requested a decision within 60 days of receipt. (Bd. corr. ltr. dtd. August 15, 2018). On June 15, 2018, the CO advised that the decision "may" be expected on or before December 18, 2018, due to the size, complexity and need to review additional supporting data" (pet. at 1).

10. AWA filed its petition for a COFD on July 21, 2018 (*id.*).

11. By correspondence dated August 21, 2018, the government advised it would issue its COFD on or before December 18, 2018 "[d]ue to conflicts created by pending litigation in another unrelated appeal..." (Bd. corr. ltr. dtd. August 21, 2018).

## DECISION

When a CO receives a certified claim over $100,000, the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires that within sixty days of receipt of the claim, the CO shall (a) issue a decision or (b) notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 7103(f)(2). The CDA also requires that the decision of the CO on a contractor's claim "be issued within a reasonable time...taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41 U.S.C. § 7103(f)(3). Further, "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(a)(5) implements this section providing that "[i]n lieu of filing a notice of appeal under paragraph (a)(1) or (a)(2) of this Rule, the contractor may petition the Board to direct the contracting officer to issue a decision in a specified period of time as determined by the Board."

Whether the time in which a CO states he or she will issue a decision is reasonable must be determined on a case-by-case basis. *Eaton Contract Services, Inc.*, ASBCA Nos. 52686, 52796, 00-2 BCA ¶ 31,039 (finding eight months reasonable given the volume of documentation, number of issues and time needed to gather information due to relocation of personnel); *Defense Systems Co.*, ASBCA No. 50534, 97-2 BCA ¶ 28,981 (finding nine months reasonable when claimed amount exceeded $71 million and narrative portion of the claim alone exceeded 162 pages); *Dillingham/ABB-SUSA, a Joint Venture*, ASBCA Nos. 51195, 51197, 98-2 BCA ¶ 29,778 (finding 14-16 months unreasonable for a small construction claim and an impact claim that had been extensively analyzed and audited).

Here, the government argues that the CO intends to issue a decision on or before December 18, 2018 due to conflicts created by pending litigation in another appeal (SOF ¶ 11). However, the Board has held that internal staffing matters are not one of the factors used to determine a reasonable time under the CDA. *Volmar Constr., Inc.*, ASBCA No. 60710-910, 16-1 BCA ¶ 36,519; *See Fru-Con Construction Corp.*, ASBCA No. 53544, 02-1 BCA ¶ 31,729 (finding the scarcity of attorneys to assist with the review of a contracting officer's final decision is a matter wholly and exclusively within the control of the government).

There is no dispute as to whether the necessary documents were provided to the CO. While the government initially claimed, in its initial letter to AWA stating it would not issue a decision until December 2018, that it needed more time to review additional information, it is unclear what that information is, given the extensive prior REA submissions and discussions. Based on the available record, it appears the CO has had access to most, if not all, of the same information since the revised REA was

3

submitted in July 2016. Additionally, the claim does not appear, on its face, to be extraordinarily complex, requiring additional time to assess.

After considering the parties' arguments, we find that the government's requested COFD issuance date of on or before December 18, 2018, is unreasonable. The contractor submitted the initial REA on March 30, 2015. It then revised and supplemented the REA in July 2016, and had meetings with the government to discuss the REA. The certified claim was submitted on April 20, 2018. On June 15, 2018, the CO responded to the contractor, alleging because the claim was too large and complex, the CO may not issue a decision until December 18, 2018. It is not clear what additional documentation the CO needed to review or how the matters in the claim differed so greatly from REA, such that it became a more complex issue.

Under the circumstances, we find the December 18, 2018 date for issuing a final decision to represent undue delay. We believe that a reasonable time for the CO to issue a final decision is October 24, 2018.

## CONCLUSION

The Board hereby directs the CO to issue a decision on the contractor's claim by October 24, 2018.

This Order completes all necessary action by the Board. If the CO fails to comply with this Order, such failure will be deemed a decision by the CO denying the claim, and the contractor may appeal to this Board or sue in the United States Court of Federal Claims pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7103(f)(5) and 7104.

Dated: September 17, 2018

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of the Armed Services Board of Contract Appeals in ASBCA No. 61725-987, Petition of AWA Wilson JV, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5